IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD TERRAN FURNACE,  )  No. C 09-6075 MMC (PR)
        Plaintiff,  )
        v.  )  **ORDER OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DIRECTIONS TO CLERK**
SGT. K KNUCKLES, et al.,  )
        Defendants.  )  (Docket No. 18)
_____ )

On December 30, 2009, plaintiff, a California prisoner incarcerated at Corcoran State Prison ("Corcoran") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, prior to the Court's review of plaintiff's original complaint, plaintiff submitted first and second amended complaints. As the most recently-filed pleading, the second amended complaint ("SAC") supercedes the original and first amended complaints and is the operative pleading herein.[1] By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

---

[1] The SAC was stamped "received" by the court on July 6, 2010. (Docket No. 10.) The Court will direct the Clerk of the Court to file the SAC as of the date it was received.

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In the SAC, plaintiff asserts thirty causes of action against prison officials at Salinas Valley State Prison ("SVSP"). The Court finds plaintiff's allegations, when liberally construed, state the following cognizable claims for relief under § 1983 and state law:[2]

1.  First Cause of Action - Retaliation

On January 29, 2007, Correctional Officer J.J. Rodriguez (referred to by plaintiff as "J.J.R.") destroyed plaintiff's quarterly package in retaliation for plaintiff's having filed a civil rights action in this court against J.J.R.'s SVSP colleagues. See Furnace v. Evans, et al., No. C 06-4229 MMC (PR).

2.  Second and Third Causes of Action - Retaliation

After plaintiff filed an administrative grievance (No. SVSP-C-07-01746) against J.J.R. based on the above destruction of plaintiff's quarterly package, J.J.R. retaliated against plaintiff by threatening to break plaintiff's jaw and by calling plaintiff a snitch and child molester in front of other inmates.

3.  Fourth and Fifth Causes of Action – Retaliation

On July 24, 2007, J.J.R. and Correctional Officer J. Celaya ("Celaya"), Correctional Officer J. Rodriguez ("Rodriguez"), and Sgt. J. Sensei ("Sensei") searched plaintiff's cell and destroyed his personal property in retaliation for plaintiff's having filed the above-noted

---

[2] See 28 U.S.C. § 1367 (providing for supplemental jurisdiction over state law claims).

2

administrative grievance. Celaya authorized the retaliation because Celaya was named as a defendant in action No. C 06-4229 MMC (PR).

4. <u>Sixth and Seventh Causes of Action – Conspiracy and Retaliation</u>

Correctional Officers J.J.R. and Celaya, along with Correctional Counselor J. Delaney ("Delaney"), Appeals Coordinator E. Medina ("Medina"), and Facility Captain G. Ponder ("Ponder"), conspired to retaliate against plaintiff by placing false sexual crimes evidence in plaintiff's prison file, and actively solicited plaintiff's murder by other inmates based on such evidence.

5. <u>Eighth Cause of Action – Denial of Free Speech</u>

Appeals Coordinator Medina wrongly screened out administrative grievances by which plaintiff contested the false sexual crimes evidence in plaintiff's prison file, with the intent of preventing plaintiff from clearing his name to prevent harm to himself.

6. <u>Ninth through Twenty-Second Causes of Action – Interference with Family Visit, Excessive Force, Retaliation, Denial of Equal Protection and Due Process</u>

On February 2, 2008, Correctional Officer W. Rasley ("Rasley") terminated plaintiff's family visit without cause. When plaintiff asked Rasley the reasons for such termination, Rasley threw plaintiff to the ground and Sgt. K. Knuckles ("Knuckles"), Sgt. M. Atchley ("Atchley"), Correctional Officer D. Ponce ("Ponce"), Sgt. M. Kircher ("Kircher"), Correctional Officer D. Bittner ("Bittner"), Correctional Officer J. Mora ("Mora"), Correctional Officer Rodriguez and Correctional Officer J.J.R. beat plaintiff without cause, resulting in severe injury to plaintiff. The visit was terminated and the officers conspired to beat plaintiff in retaliation for plaintiff's having filed action No. C 06-4229 MMC (PR) and administrative appeal No. SVSP-C-07-01746, and for plaintiff's asking to speak to a supervisor concerning the termination of the visit.

7. <u>Twenty-Third and Twenty-Fourth Causes of Action – Deliberate Indifference and Denial of Due Process</u>

After plaintiff was beaten as described above, Nurse A. Butt ("Butt") and Nurse R. Lipps ("Lipps") intentionally refused to provide plaintiff with immediate medical treatment

3

for his numerous serious injuries, resulting in plaintiff's prolonged suffering.

        8.      <u>Twenty-Fifth through Twenty-Ninth Causes of Action – State Law Violations</u>

Plaintiff claims the above-alleged federal causes of action Nine through Twenty-Four also state claims for relief under state law.

        9.      <u>Thirtieth Cause of Action – Supervisorial Liability</u>

Plaintiff claims supervisory officials at SVSP and the California Department of Corrections and Rehabilitation ("CDCR") acted with deliberate indifference by implementing official policies, customs and practices that the supervisory officials knew would result in the violation of plaintiff's constitutional rights, and by failing to remedy such violations when brought to their attention by plaintiff. The named supervisory officials are SVSP Chief Deputy Warden G.A. Neotti ("Neotti"), SVSP Warden M. Evans ("Evans"), CDCR Director Susan Hubbard ("Hubbard"), and CDCR Appeals Examiner L. Warren ("Warren").

C.      <u>Motion for Appointment of Counsel</u>

Plaintiff has filed a motion by which he seeks appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case such as this. <u>See</u> <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. <u>See</u> <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004).

To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Accordingly, the motion for appointment of counsel will be denied. Should the

4

circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall file, using a filing date of July 10, 2010, the SAC received on July 10, 2010.  (Docket No. 10.)

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the SAC in this matter and all attachments thereto (Docket No. 10), and a copy of this order upon (1) the following defendants at SVSP: Sgt. M. Atchley, Correctional Officer D. Bittner, Nurse A. Butt, Correctional Officer J. Celaya, Correctional Counselor J. Delaney, Warden M. Evans, Sgt. M. Kircher, Sgt. K. Knuckles, Nurse R. Lipps, Appeals Coordinator E. Medina, Lt. R. Mojica, Correctional Officer J. Mora, Chief Deputy Warden G.A. Neotti, Correctional Officer D. Ponce, Facility Captain G. Ponder, Correctional Officer W. Rasley, Correctional Officer J. Rodriguez, Correctional Officer J.J. Rodriguez, and Sgt. J. Sensei; and (2) the following defendants at the California Department of Corrections and Rehabilitation: Director Susan Hubbard and Appeals Examiner L. Warren.

The Clerk shall also mail a courtesy copy of the SAC and this order to the California Attorney General's Office.

3. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable above.  **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

4. The Court hereby extends the time to file an answer or waiver of answer, see 42 U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced motion or received notice that such a motion cannot be filed.

5

5. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

6. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

7. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

   a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[3]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is

---

[3]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

8. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

9. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

12. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13. Any motion for an extension of time must be filed no later than the deadline

7

sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 18.

IT IS SO ORDERED.

DATED: January 27, 2011

_____
MAXINE M. CHESNEY
United States District Judge