**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE,<br><br>  Plaintiff,<br><br>  v.<br><br>SGT. K KNUCKLES, et al.,<br><br>  Defendants.<br>_____ | No. C 09-6075 MMC (PR)<br><br>**ORDER LIFTING STAY OF DISCOVERY; DENYING AS MOOT PLAINTIFF'S RULE 56(d) MOTION; GRANTING PLAINTIFF EXTENSION OF TIME TO FILE OPPOSITION TO SUMMARY JUDGMENT MOTION; DENYING PLAINTIFF'S REQUESTS FOR ADMINISTRATIVE RELIEF; DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANT; DIRECTIONS TO CLERK**<br><br>**(Docket Nos. 60, 62)** |

On December 30, 2009, plaintiff, a California prisoner incarcerated at Corcoran State Prison ("CSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On April 26, 2011, defendants filed a motion to dismiss and for summary judgment (hereafter, "motion for summary judgment"). Because the motion was based in part on qualified immunity, defendants moved for a stay of discovery under Crawford-El v. Britton, 523 U.S. 574 (1998). See id. at 598 (holding "[i]f the defendant does plead qualified immunity, the court should resolve that threshold question before permitting discovery"). By order filed May 16, 2011, the Court granted the stay. Now before the Court are:

(1) plaintiff's request for an extension of time to file an opposition to the motion for summary judgment; and (2) plaintiff's motion for denial or continuance of the motion under Rule 56(f) of the Federal Rules of Civil Procedure, the latter of which the Court construes as a request under Rule 56(d) to defer consideration of the summary judgment motion to afford plaintiff the opportunity to propound discovery necessary to oppose the motion.[1]

A.   Stay of Discovery

At the time defendants moved for a stay of discovery, defendants pointed to their assertion of qualified immunity as a defense. Defendants, however, also asserted eleven other defenses, namely (1) misjoinder of claims, (2) misjoinder of parties, (3) failure to comply with California's Tort Claims Act, (3) Eleventh Amendment immunity, (4) failure to exhaust administrative remedies, (5) no violation of plaintiff's First Amendment rights, (6) no violation of plaintiff's Eighth Amendment rights, (7) no violation of plaintiff's equal protection rights, (8) inability to sustain conspiracy claim, (9) no violation of plaintiff's due process rights, (10) no right to familial association, and (11) inability to make a claim for supervisory liability. (See Docket No. 31.) While a district court has broad discretion to stay discovery pending the resolution of a dispositive motion,[2] it is an abuse of that discretion to stay discovery if the plaintiff is denied discovery that relates to the motion. See Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976). Here, the stay of discovery, which was granted pending resolution of defendants' qualified immunity defense, significantly limits plaintiff's ability to oppose defendants' other arguments. Although "the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004) (citing Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988)).

---

[1] Effective December 1, 2010, the provisions of former subdivision (f) were carried forward without material change as subsection (d).

[2] See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985); Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976); Hovermale v. School Bd. of Hillsborough County, 128 F.R.D. 287, 289 (M.D. Fla. 1989).

1 Accordingly, given the current posture of the instant action, the Court finds discovery
2 should be permitted and will lift the stay. In light of this ruling, plaintiff's Rule 56(d) motion
3 will be denied as moot, and plaintiff's request for an extension of time to oppose the motion
4 for summary judgment will be granted as set forth in the Conclusion herein.

B.  Administrative Relief

In his request for an extension of time to file an opposition to defendants' motion for summary judgment, plaintiff requests additional relief.

First, plaintiff asks that the Court place a telephone call to CSP to inform the prison librarian of the deadline for the filing of plaintiff's opposition. Plaintiff's new deadline is set forth herein, and plaintiff may present a copy of this order to the prison librarian. Accordingly, plaintiff's request that the court telephone CSP will be denied.

Second, plaintiff asks the Court to issue an order directing CSP to provide plaintiff copies of legal documents in excess of 100 pages. According to plaintiff, recent prison regulations impose a 100-page limit on the number of copies staff may make for an inmate. Plaintiff, however, has not identified the documents for which he requests copies in excess of the 100-page limit, let alone shown the necessity for such additional copies. Accordingly, plaintiff's request for such an order will be denied.

C.  Unserved Defendants

Two defendants, M. Evans and L. Warren, have not yet been served with a summons and complaint in this action. The Court addresses each separately.

1.  M. Evans

On January 28, 2011, summons was issued for M. Evans at Salinas Valley State Prison ("SVSP"). On March 7, 2011, the summons was returned unexecuted with the notation that M. Evans had retired. It is plaintiff's responsibility to provide accurate addresses for defendants in order that they can be served by the United States Marshal. Defendant Evans could not be located at the address provided by plaintiff, and it appears he has retired and no longer is employed by SVSP

Plaintiff's complaint has been pending for over 120 days, and, consequently, absent a

3

showing of "good cause," is subject to dismissal without prejudice as to M. Evans for lack of timely service. See Fed. R. Civ. P. 4(m). Accordingly, plaintiff, within **60 days** of the date this order is filed, must either effectuate service on M. Evans or provide the court with his current location such that the Marshal is able to effectuate service. If by said deadline, plaintiff does not either effectuate service himself or provide the information necessary for the Marshal to effectuate service, or if the Marshal thereafter is unable to serve M. Evans based on the information plaintiff provides, said defendant will be dismissed from the action without prejudice.

2. L. Warren

On January 28, 2011, summons was issued for L. Warren at the California Department of Corrections and Rehabilitation ("CDCR"). The summons has not been returned as either executed or unexecuted. The Court will make one last attempt to have this defendant served at CDCR, in accordance with the instructions set forth in the Conclusion herein. In the event such final attempt to accomplish service on L. Warren is ineffective, plaintiff will be notified and must remedy any deficiencies as to service issues or face dismissal of his claims against said defendant under Rule 4(m).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The stay of discovery entered on May 16, 2011 is hereby LIFTED. Plaintiff is ordered to complete discovery within **120 days** of this order. Plaintiff may do so either by re-issuing his prior discovery requests, to which, plaintiff states, defendants never responded (see Docket No. 54), or by preparing and serving new discovery requests.[3]

2. Plaintiff's motion to defer summary judgment pursuant to Rule 56(d) is hereby DENIED as moot.

3. Plaintiff's motion for an extension of time to oppose defendants' motion for

---

[3] Nothing in this order, however, is intended to preclude defendants from making appropriate objection to any one or more of plaintiff's discovery requests, in accordance with the Federal Rules of Civil Procedure and/or applicable statutory and case authority.

4

summary judgment is hereby GRANTED. Plaintiff shall file his opposition within **150 days** of the date this order is filed. Defendants <u>shall</u> file a reply within **15 days** of the filing of plaintiff's opposition.

4. Plaintiff's request that the Court place a telephone call to the CSP librarian is hereby DENIED.

5. Plaintiff's request that the Court provide an order directing CSP staff to provide plaintiff copies of legal documents in excess of 100 pages is hereby DENIED.

6. Plaintiff is hereby ORDERED to either file, within **60 days** of this order, proof of service on defendant M. Evans or, by said date, file a declaration setting forth for said defendant the current address at which the Marshal will be able to serve him. Plaintiff's failure to do so will result in the dismissal without prejudice of plaintiff's claims against M. Evans pursuant to Rule 4(m).

7. The Clerk of the Court shall reissue summons and the United States Marshal shall, without prepayment of fees, serve said summons, along with a copy of the Second Amended Complaint (Docket No. 10), a copy of the Court's January 27, 2011 Order of Service, and a copy of this order, upon defendant L. Warren at the California Department of Corrections and Rehabilitation.

This order terminates Docket Nos. 60 and 62.

IT IS SO ORDERED.

DATED: August 29, 2011

MAXINE M. CHESNEY
United States District Judge