IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE,<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. K KNUCKLES, et al.,<br><br>    Defendants.<br>_____ | No. C 09-6075 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; REQUESTING PRISON OFFICIALS ALLOW REASONABLE ACCESS TO LEGAL MATERIALS; DIRECTIONS TO CLERK**<br><br>**(Docket No. 100)** |

On December 30, 2009, plaintiff, a California prisoner incarcerated at Corcoran State Prison ("CSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On April 26, 2011, defendants filed a motion to dismiss and for summary judgment (hereafter, "motion for summary judgment"). On August 29, 2011, the Court allowed plaintiff to take discovery relating to the motion for summary judgment and directed plaintiff to complete such discovery within 120 days. Now before the Court is plaintiff's second motion for appointment of counsel. Plaintiff asserts he is entitled to counsel on the ground that prison officials are denying him access to legal materials and supplies. Specifically, plaintiff states he sent his discovery requests to the prison law library for copying and that the documents have neither been copied nor returned to him. Plaintiff also states he has been denied access to the prison law library.

United States District Court
For the Northern District of California

There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

Accordingly, the Court rules as follows:

1. Plaintiff's second motion for appointment of counsel is hereby DENIED.

2. Prison officials at CSP are hereby REQUESTED to provide plaintiff access to his legal materials and to the prison law library, to the extent such access is consistent with security concerns and other applicable policies and procedures of the facility.

3. The Clerk is hereby DIRECTED to serve a copy of this order on the Litigation Coordinator at Corcoran State Prison, P.O. Box 8800, Corcoran, CA 93212-8309.

This order terminates Docket No. 100.

IT IS SO ORDERED.

DATED: December 12, 2011

_____
MAXINE M. CHESNEY
United States District Judge