IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE, | No. C -09-06075 MMC (PR) (EDL) |
| Plaintiff, | **ORDER FOLLOWING IN CAMERA REVIEW** |
| v. | |
| K. NUCKLES, et al., | |
| Defendants. | |

On June 27, 2012, the Court issued an Order resolving three motions to compel and three motions for sanctions filed by Plaintiff. As part of that Order, the Court required Defendants to lodge documents in camera that were being withheld under the official information privilege relating to the February 2, 2008 incident, including internal affairs documents, incident reports and witness statements. On July 18, 2012, Defendants timely lodged five compact discs of information in camera.

A review of the documents reveals that Defendants have failed to lodge documents relating only to the February 2, 2008 incident. For example, the compact disc labeled "Furnace, Edward T. v. K. Nuckles, et al; USDC ND SF - C 09-6075 Box 1 (AG-000001-001977) & Box 2 (AG-001978-003825)" contains, among other things, Firing Range Score Sheets from several months from 2008 through 2012. These types of documents do not appear to relate to the February 2, 2008 incident which was the subject of the in camera review. No later than August 16, 2012, Defendants shall resubmit for in camera review documents from this compact disc, if any, relating to the February 2, 2008 incident as stated in the Court's June 27, 2012 Order.

The disc labeled "N-CVCP-270-08-A Exhibit Facility 'C' Visiting" contains pictures of an

1 empty room and there is no explanation as to what relation these pictures have to the February 2,
2 2008 incident, or why they are privileged. No later than August 16, 2012, Defendants may submit
3 an explanation to the Court in camera regarding why these pictures were submitted for in camera
4 review.

5 The remaining three discs contain audio and video files regarding the February 2, 2008
6 incident. The disc labeled "SVSP-CEN-08-02-0074 10/3/08 Jones, B-71557 pt. 1 & Furnace, H-
7 33245 pt 2" is a video interview of Plaintiff and inmate Jones from the date of the February 2, 2008
8 incident. The discs labeled "N-SVSP-270-08-A Exhibit #83 Nuckles, Kristy" and "N-SVSP-270-
9 08-A Tracy Tomasian 8-22-08" contain audio recordings of interviews with corrections officers
10 regarding the February 2, 2008 incident. To determine whether this information must be produced
11 in light of Defendants' assertion of the official information privilege, the Court must conduct a
12 balancing test:

> If a defendant meets the threshold requirements, the court will order an *in camera* review of the material and balance each party's interests. Id. at 671; Chism,,159 F.R.D. at 533-34; Hampton, 147 F.R.D. at 231; Miller, 141 F.R.D. at 301. If the party asserting the privilege meets the threshold requirement, the court will conduct a balancing analysis that considers, but is not limited to, the following factors: (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will by chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. Kelly v. City of San Jose, 114 F.R.D. at 663 (citing Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa.1973)).

Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). As described below, on balance, the official information privilege does not protect the information on these discs.

The majority of the Kelly factors weigh in favor of disclosure of the audio and video information. First, disclosure of this information will not discourage citizens from giving the government information. No information from the general public is contained on these discs. The video contains statements by Plaintiff and inmate Jones regarding the incident and the audio

2

recordings contain interviews of corrections officers.  Second, the identities of the corrections officers are already known to Plaintiff and many are Defendants in this case, so there would be little impact upon the corrections officers of having their identities disclosed as part of this discovery.  However, if, in the over fifteen hours of audio recordings, there is any personal identifying information, such as home address or phone number, disclosure of that information would negatively impact the corrections officers and should be redacted from the audio.  Third, it does not appear that the government self-evaluation and consequent program improvement would be chilled by disclosure of this information, which was collected pursuant to an official investigation.  Fourth, the information sought is factual data, not an evaluative summary.  Fifth, it appears that the police investigation of the February 2, 2008 incident has been completed.  Sixth, it does not appear that this discovery is available from any other source as it is part of the official investigation by the prison of this incident.  Finally, Plaintiff's case is based on the February 2, 2008 incident and these statements by Plaintiff and corrections officers bear on the central issues in Plaintiff's case.  Some Kelly factors are neutral or the Court lacks information to evaluate them, that is, whether there are any intradepartmental disciplinary proceedings arising out of the investigation, whether Plaintiff's suit is non-frivolous and brought in good faith, and whether Plaintiff is an actual or potential defendant in a criminal proceeding involving the February 2, 2008 incident.  On balance, however, the factors favor disclosure of the video and audio recordings, which directly relate to the February 2, 2008 incident.

   Because the official information privilege does not protect the audio and video recordings in this case, Defendants shall produce the recordings to Plaintiff, subject to redaction, if any, of personal identifying information of the corrections officers.  If Defendants have any transcriptions of the interviews, they shall also provide redacted transcriptions.  The recordings and transcripts, if any, shall be provided to Plaintiff no later than August 16, 2012.

   IT IS SO ORDERED.

Dated: August 2, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge