IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE,<br><br>   Plaintiff,<br><br> v.<br><br>SGT. K KNUCKLES, et al.,<br><br>   Defendants.<br>_____ | No. C 09-6075 MMC (PR)<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR DISPOSITIVE MOTION; PROVIDING <u>RAND/ WOODS</u> NOTICE** |

   On December 30, 2009, plaintiff, a California prisoner incarcerated at Corcoran State Prison ("CSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On April 26, 2011, defendants filed a motion to dismiss and for summary judgment (hereafter, "motion for summary judgment"). Thereafter, the Court referred the action to Magistrate Judge Elizabeth D. LaPorte for discovery and stayed briefing on defendants' motion for summary judgment. A review of the docket shows that Magistrate Judge LaPorte has now resolved all outstanding discovery matters.

   Accordingly, the Court hereby orders as follows:

   1. No later than **February 11, 2013**, plaintiff shall file with the Court and serve on defendants his response to the motion for summary judgment.

   2. No later than **February 25, 2013**, defendants <u>shall</u> file and serve a reply.

1 Further, the Court provides herein for plaintiff's information the following notice in
2 connection with defendants' pending motion for summary judgment[1]:

### NOTICE — WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### NOTICE — WARNING (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did

---

[1] See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (holding notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment); Woods, 684 F.3d at 935 (holding notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

IT IS SO ORDERED.

DATED: January 7, 2013

_____
MAXINE M. CHESNEY
United States District Judge

3