United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE,<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. K KNUCKLES, et al.,<br><br>    Defendants.<br>_____ | No. C 09-6075 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION; GRANTING LIMITED EXTENSION OF TIME TO FILE OPPOSITION TO SUMMARY JUDGMENT MOTION**<br><br>**(Docket No. 175)** |

On December 30, 2009, plaintiff, a California prisoner incarcerated at Corcoran State Prison ("CSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On April 26, 2011, defendants filed a motion to dismiss and for summary judgment (hereafter, "motion for summary judgment"). Following two extensions of time and referral of the action to Magistrate Judge Elizabeth D. Laporte for discovery, the Court entered a scheduling order directing plaintiff to file and serve his response to the motion for summary judgment no later than February 11, 2013.

Now before the Court is plaintiff's "Motion for Denial or Continuance of Summary Judgment under the Fed. R. Civ. P. 56(f)," which the Court construes as a request under Rule 56(d) of the Federal Rules of Civil Procedure[1] to defer consideration of defendants' motion, in order to afford plaintiff the opportunity to propound discovery necessary to oppose the motion.

---

[1] Effective December 1, 2010, the provisions of former subdivision (f) were carried forward without material change as subsection (d).

Rule 56(d) reads as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Subdivision (d) provides a means for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). The requesting party must set forth in affidavit form the specific facts such party hopes to elicit from further discovery; additionally, such party must show the facts sought exist and that the sought-after facts are "essential to oppose summary judgment." Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008).

Here, plaintiff argues he should receive the requested continuance "because of defense counsel's suppression of relevant evidence." (Pl. 56(d) Mot. at 3.) Such assertion is not sufficient to satisfy plaintiff's burden under Rule 56(d). In particular, plaintiff has neither "identif[ied] the specific facts that further discovery would . . . reveal[ ]," see Tatum v. City and County of S.F., 441 F.3d 1090, 1101 (9th Cir. 2006), nor has he shown how any such sought-after facts "would have precluded summary judgment," id.

Moreover, in its order of August 29, 2011, the Court directed plaintiff to complete discovery within 120 days. Plaintiff has had well in excess of 120 days to conduct and complete discovery. While he claims he was in trial and/or denied access to legal supplies through December 2011 (see Mot. at 2), he identifies no impediment to his conducting discovery in the past 13 months. Nor does he claim that he was in any manner precluded from bringing any asserted "suppression of relevant evidence" before Magistrate Judge Laporte. Indeed, a review of the docket shows plaintiff has filed several discovery motions, all of which have been resolved by Magistrate Judge Laporte in a timely manner.

2

Accordingly, plaintiff's motion for a continuance will be denied to the extent that it seeks additional time to conduct discovery.

In light of plaintiff's having filed his motion for a continuance only two weeks before his opposition to the motion for summary judgment was due, however, the Court will grant plaintiff a short continuance in which to file his opposition to said motion.

**CONCLUSION**

For the foregoing reasons:

1. Plaintiff's motion to deny or defer ruling, pursuant to Rule 56(d), is hereby DENIED.

2. No later than **March 4, 2013**, plaintiff shall file with the Court and serve on defendants his response to defendants' motion for summary judgment.

3. No later than **March 18, 2013**, defendants shall file and serve a reply.

This order terminates Docket No. 175.

IT IS SO ORDERED.

DATED: February 4, 2013

MAXINE M. CHESNEY
United States District Judge

3