KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General
MICHAEL J. QUINN
Deputy Attorney General
State Bar No. 209542
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5726
  Fax: (415) 703-5843
  E-mail: Michael.Quinn@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **EDWARD T. FURNACE,** | C 09-6075 MMC (PR) |
| Plaintiff, | **NOTICE OF STIPULATION AND [PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| **K. NUCKLES, et al.,** | |
| Defendants. | |

## NOTICE OF STIPULATION

**TO THE COURT, PLEASE TAKE NOTICE THAT:**

The below proposed Stipulated Protective Order is made and entered into by and between Plaintiff Edward T. Furnace ("Plaintiff") and Defendants K. Nuckles, J.J. Rodriguez, W. Rasley, D. Bittner, J. Celaya, J. Rodriguez, A. Butt, R. Lipps, M. Kircher, J. Sensel, M. Atchley, J. Mora, O. Ponce, and J. Delaney (collectively, "Defendants").

**WHEREAS**, on May 10, 2013, the Court granted in part and denied in part defendants' motion for summary judgment, referred the action to Magistrate Judge Nandor Vadas for settlement proceedings on Plaintiff's claims against the remaining defendants, and, in view of the referral, stayed further proceedings (Docket No. 189);

**WHEREAS**, on November 8, 2013, Plaintiff and Defendants agreed to conduct limited discovery to facilitate settlement negotiations (with the approval of Magistrate Judge Vadas);

**WHEREAS**, Defendants and non-party California Department of Corrections and Rehabilitation ("CDCR") desire to designate certain discovery materials as confidential before producing them to Plaintiff's counsel;

**WHEREAS**, Plaintiff, Defendants, and non-party CDCR agree that the below proposed Stipulated Protective Order is sufficient to protect the confidentiality interests of the parties and CDCR;

**WHEREAS**, Magistrate Judge Laporte has entered materially similar protective orders in previous §1983 cases (*see, e.g.*, Stipulation and Order to Protect Confidential Information at 2, *Hernandez v. City of Napa*, Case No. C 09-02782 EDL (N.D. Cal. 2010));

**NOW, THEREFORE,** Plaintiff and Defendants, by and through their counsel of record, hereby jointly move for entry of the below proposed Stipulated Protective Order.

1  **[PROPOSED] STIPULATED PROTECTIVE ORDER**

2  **1.  PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.  DEFINITIONS**

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that constitute or disclose information, that, if publicly disclosed, would threaten the privacy rights or safety and security of any inmate, prison staff member, or third party.

2.3  Counsel of Record: Any attorneys who appear on the record in the matter as well as their support staff.

2.4  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5  Disclosure of Discovery Material: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.8    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

    2.9    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    2.10    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.11    <u>Protected Material</u>: any Disclosure of Discovery Material that is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.12    <u>Receiving Party</u>: a Party that receives Disclosure of Discovery Material from a Producing Party.

**3.    <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4

1    5.2   **Manner and Timing of Designations**.  Except as otherwise provided in this Order

2    (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

3    Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so

4    designated before the material is disclosed or produced.

5    Designation in conformity with this Order requires:

6    (a) for information in documentary form (e.g., paper or electronic documents, but

7    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

8    Party affix the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

9    contains Protected Material.  If only a portion or portions of the material on a page qualifies for

10   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

11   appropriate markings in the margins).

12   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

13   Designating Party identify on the record, before the close of the deposition, hearing, or other

14   proceeding, all protected testimony.

15   (c) for information produced in some form other than documentary and for any other

16   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

17   or containers in which the information or item is stored the legend "CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant

19   protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

20   5.3   **Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to

21   designate qualified information or items does not, standing alone, waive the Designating Party's

22   right to secure protection under this Order for such material.  Upon timely correction of a

23   designation, the Receiving Party must make reasonable efforts to assure that the material is

24   treated in accordance with the provisions of this Order.

25   **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

26   6.1   **Timing of Challenges**.  Any Party or Non-Party may challenge a designation of

27   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

28   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

5

1  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to
2  challenge a confidentiality designation by electing not to mount a challenge promptly after the
3  original designation is disclosed.

4        6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process
5  by providing written notice of each designation it is challenging and describing the basis
6  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written
7  notice must recite that the challenge to confidentiality is being made in accordance with this
8  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in
9  good faith and must begin the process by conferring directly (either in voice-to-voice dialogue or
10 in writing) within 14 days of the date of service of notice.  In conferring, the Challenging Party
11 must explain the basis for its belief that the confidentiality designation was not proper and must
12 give the Designating Party an opportunity to review the designated material, to reconsider the
13 circumstances, and, if no change in designation is offered, to explain the basis for the chosen
14 designation.  A Challenging Party may proceed to the next stage of the challenge process only if
15 it has engaged in this meet-and-confer process first or establishes that the Designating Party is
16 unwilling to participate in the meet-and-confer process in a timely manner.

17       6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court
18 intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding
19 Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining
20 confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties
21 agreeing that the meet-and-confer process will not resolve their dispute, whichever is
22 earlier.  Failure by a Designating Party to file such discovery dispute letter within the applicable
23 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality
24 designation for each challenged designation.  If, after submitting a joint letter brief, the Court
25 allows that a motion may be filed, any such motion must be accompanied by a competent
26 declaration affirming that the movant has complied with the meet-and-confer requirements
27 imposed in the preceding paragraph.  The Court, in its discretion, may elect to transfer the
28 discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.</u>

This Protective Order is intended to and does preclude each Party's Counsel from disclosing documents and information designated "CONFIDENTIAL – ATTORNEYS'

1   EYES ONLY" to Plaintiff Edward Furnace, to his family, friends, or associates, to any inmate or
2   parolee, or to any member of the general public.  It is agreed by the Parties and ordered by the
3   Court that the information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is
4   never to be disseminated to or discussed with any inmates, including a Party or witness, parolee,
5   or the public, in this case or in any other capacity, unless there is a successful challenge to such
6   information under section 6 of this order.  In the event the Receiving Party believes that the
7   information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" needs to be
8   discussed with their client or another person not identified below, the Receiving Party must first
9   contact the Designating Party to discuss disclosure of the specific record, in accordance with the
10  provisions of section 6 of this order.

11        Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a
12  Receiving Party may disclose any information or item designated "CONFIDENTIAL –
13  ATTORNEYS' EYES ONLY" only to:
14        (a) the Receiving Party's Counsel of Record in this action, including their support staff;
15        (b) an Expert (as defined in this Order) of the Receiving Party to whom disclosure is
16  reasonably necessary for the prosecution or defense of this litigation and who has signed the
17  "Acknowledgment and Agreement to Be Bound" (Exhibit A);
18        (c) the Court and its personnel;
19        (d) court reporters and their staff, professional jury or trial consultants, mock jurors,
20  and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or
21  defense of this litigation and who have signed the "Acknowledgment and Agreement to Be
22  Bound" (Exhibit A);
23        (e) the author or recipient of a document containing the information or a custodian or
24  other person who otherwise possessed or knew the information.

25  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
26  **       OTHER LITIGATION**
27        If a Party is served with a subpoena or a court order issued in other litigation that compels
28  disclosure of any information or items designated in this action as "CONFIDENTIAL –

8

ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some

9

1  or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2  (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order
3  in this litigation, the relevant discovery request(s), and a reasonably specific description of the
4  information requested; and

5  (3) make the information requested available for inspection by the Non-Party.

6  (c) If the Non-Party fails to object or seek a protective order from this Court within 14
7  days of receiving the notice and accompanying information, the Receiving Party may produce the
8  Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely
9  seeks a protective order, the Receiving Party shall not produce any information in its possession
10 or control that is subject to the confidentiality agreement with the Non-Party before a
11 determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the
12 burden and expense of seeking protection in this Court of its Protected Material.

13 **10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

14 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed material
15 labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person other than those
16 permitted access under paragraph 7.2 of this order, the Receiving Party must immediately: (a)
17 notify in writing the Designating Party of the unauthorized disclosures specifically identifying the
18 person or persons to whom the unauthorized disclosure was made; (b) use its best efforts to
19 retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to
20 whom unauthorized disclosures were made of all the terms of this Order; and (d) request such
21 person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached
22 hereto as Exhibit A.

23 **11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
24 **PROTECTED MATERIAL**

25 When a Producing Party gives notice to a Receiving Party that certain inadvertently
26 produced material is subject to a claim of privilege or other protection, the obligations of the
27 Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This
28 provision is not intended to modify whatever procedure may be established in an e-discovery

order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12. <u>MISCELLANEOUS</u>**

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

12.4  <u>Redaction of Personal Information</u>.  The Designating Party is permitted to redact any and all sensitive personal information from the Protected Material produced under this protective order. The parties agree that the term "sensitive personal information" shall mean all home addresses, social security numbers, credit card numbers, names of spouses, children, or

other family members, birthdates, and any other similar, sensitive information implicating an individual's privacy rights. If the Receiving Party believes the redaction to be inappropriate, it shall challenge the redaction using the procedure identified in paragraph 6 of this order.

      12.5   <u>Enforceability and Penalties for Noncompliance</u>. Each Party and their Counsel, agree to be bound by the terms of the Stipulated Protective Order and understand and acknowledge that failure to comply with its terms could expose them jointly, or individually, to sanctions and punishment in the nature of contempt.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order unless the Designating Party agrees in writing to remove the confidentiality restriction, or the Court orders otherwise.

///
///
///
///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  August 4, 2014

KAMALA D. HARRIS
Attorney General of California
MARISA Y. KIRSCHENBAUER
Supervising Deputy Attorney General

/s/ Michael J. Quinn
MICHAEL J. QUINN
Deputy Attorney General
*Attorneys for Defendants*

Dated:  August 4, 2014

/s/ Katherine L. Wawrzyniak
KATHERINE L. WAWRZYNIAK
O'Melveny & Myers LLP
*Attorneys for Plaintiff*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  August 7, 2014

_____
MAXINE M. CHESNEY
United States District Judge

13

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Edward T. Furnace v. K. Nuckles, et al*., Case No. 09-6075 MMC (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____