UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE,<br>　　　　Plaintiff,<br>　　v.<br>K. NUCKLES, et al.,<br>　　　　Defendants. | Case No. 09-cv-06075-MMC (EDL)<br><br>**ORDER FOLLOWING IN CAMERA REVIEW** |

Plaintiff brought this § 1983 action against CDCR correctional officers and staff for excessive force, retaliation, and deliberate indifference arising from a series of constitutional deprivations he allegedly suffered at Salinas Valley State Prison ("SVSP") from 2005 to 2008. Plaintiff claims that in retaliation for his bringing this lawsuit, Defendants, among other things: (1) falsely identified Plaintiff as a child rapist in prison records and in the presence of other inmates for the purpose of causing inmates to injure him; (2) severely beat him on February 2, 2008, in two different rooms without video cameras while his hands and feet were bound; and (3) then locked him inside a small metal cage, denying him medical treatment.

This Court has heard several discovery disputes in this case. Most recently, on April 23, 2015, the Court issued an Order resolving several outstanding discovery disputes following a motion to compel. With respect to the confidential portion of Plaintiff's central file, the Court stated:

> The parties dispute production of Plaintiff's 286-page confidential file. Plaintiff contends that CDCR is improperly withholding the confidential portion of his central file based on the official information privilege, whereas the Court has previously stated that CDCR's concerns could be alleviated by an AEO protective order. Plaintiff agrees to accept only the confidential documents in the central file that relate to himself, and

> to redaction of other inmate names from those documents.  Plaintiff specifically wants "housing documents" that he believes may be evidence of retaliation against him.
>
> CDCR counters that over 240 pages of the file do not relate to Plaintiff or this litigation, 222 pages of the file consists of seven lengthy "debriefing reports" that mention Plaintiff on only 18 pages, and 18 pages of the file list Plaintiff's "confidential enemies" and are used to make decisions on which inmates should be housed separately.  However, this is beside the point as Plaintiff is only seeking documents relating to himself, and agrees that information about other inmates should be redacted.
>
> CDCR also argues that even the documents that mention Furnace in a substantive capacity are properly withheld under the official information privilege because of safety issues involved, and an AEO protective order is insufficient in the prison context.  CDCR notes that the confidential portion of the file contains information that, if disclosed, could put other inmate's lives in danger and stop them from providing information to staff.  CDCR requests, at a minimum, an <u>in camera</u> review.  To support this argument, CDCR has submitted the declaration of Brian Hancock, litigation coordinator at Kern Valley State Prison.  <u>See</u> Joint Letter Ex. C.  Mr. Hancock states that disclosure of confidential portions of the central file, even if redacted, would likely subject confidential informants to attack and contribute to inmates refusing to become informants.  He believes that "there is simply no way to craft a protective order to address all the concerns caused by releasing confidential investigations to inmates" and there have been many occasions in his experience where inmates were in possession of documents produced pursuant to a protective order.  <u>See</u> Ex. C ¶ 3-6.  This declaration is still fairly generalized, and does not directly address the production of these documents under an AEO designation.  However, in an abundance of caution, and in light of Mr. Hancock's articulated concern about inmate and public safety, the Court agrees to conduct an <u>in camera</u> review of the confidential portion of Plaintiff's central file.  A copy of these confidential documents shall be lodged with Judge Laporte's chambers within one week of the date of this order for the Court to conduct an <u>in camera</u> review.

Dkt. # 274 at 8.

CDCR has lodged a copy of the documents for <u>in camera</u> review and the Court has reviewed them.  A large majority of these documents mention Plaintiff only among a list of known gang members or enemies, apparently to determine where to house other inmates for safety purposes, or in reports that do not relate to the incidents at issue in this litigation.  Given the serious safety concerns articulated by CDCR in Mr. Hancock's declaration, and the lack of relevance of these documents to Plaintiff or this case, the Court will not order their production.  However, one group of documents Bates numbered CDCR 8693-8696 are specific to Plaintiff and safety concerns relating to him and his housing status.  These four documents from the confidential portion of Plaintiff's central file shall be produced in redacted form under Attorney's Eyes Only protection of the protective order.  CDCR shall redact all inmate names, CDCR numbers and other personal identifying information from these documents, and then produce them

to Plaintiff within one week of the date of this order.

**IT IS SO ORDERED.**

Dated:  May 6, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge